```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ROSA LEE BUTCHER,**

      **Plaintiff,**

**v.**                           **CIVIL ACTION NO. 1:19CV181**
                                                     **(Judge Keeley)**

**THE CITY OF CLARKSBURG,**
**MARTIN HOWE,**
**ROBERT HILLIARD, and**
**JOHN DOE,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
## AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]

In this civil rights case, the plaintiff, Rosa Lee Butcher ("Butcher"), alleges that the defendants, the City of Clarksburg ("Clarksburg"), Martin Howe ("Howe"), Robert Hilliard ("Hilliard"), and John Doe (collectively, "the Defendants"), violated her state and federal constitutional rights by conspiring to conceal the identity of John Doe, the Clarksburg Police Officer who allegedly tased her while she was in police custody (Dkt. No. 1-1). Clarksburg, Howe, and Hilliard (collectively, "the represented Defendants") have moved to dismiss the Complaint contending, among other things, that Butcher's claims are time barred and, alternatively, fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 5). Because Butcher's Complaint fails to state a claim, and any such claim is nevertheless time barred,

**BUTCHER V. CITY OF CLARKSBURG, ET AL.**                         **1:19V181**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

the Court **GRANTS** the motion to dismiss (Dkt. No. 5) and **DISMISSES** the Complaint **WITH PREJUDICE.**

## I. BACKGROUND

**A.   The Complaint**[1]

In her Complaint, Butcher alleges two causes of action—the first under the West Virginia Constitution and the second under 42 U.S.C. § 1983—based on the same facts and circumstances (Dkt. No. 1-1 at 5-14). Specifically, Butcher alleges that, while she was in the custody of the Clarksburg Police Department in September 2013, officers used excessive force by tasing her while she was in handcuffs. Id. at 7. As a result, she filed a formal complaint with the City of Clarksburg in September 2014, which led to an internal investigation. Id.

The internal investigation found that Butcher's complaint lacked merit because all officers on duty denied deploying their tasers. Id. The results of the internal investigation were forwarded to Howe and Hilliard, who did not refer the matter to an outside agency for further investigation. Id. During this time,

---

[1] The facts are taken from the Complaint and, as they must be, are construed in the light most favorable to Butcher. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).

**BUTCHER V. CITY OF CLARKSBURG, ET AL.**　　　　　　　　　　　　　1:19V181

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

Hilliard served as the Chief of the Clarksburg Police Department and Howe served as the City Manager of Clarksburg. Id. at 8.

In September 2015, Butcher filed a complaint in the Circuit Court of Harrison County, naming Clarksburg, Officer Vinson, and John Doe as defendants. Id. at 7. Although the Court dismissed Clarksburg from the case, a jury found that John Doe used excessive force and awarded Butcher $5,000.00 in damages. Id. at 7-8. After denying the state court defendants' motion for judgment as a matter of law, the Circuit Court of Harrison County entered a final judgment in favor of Butcher and awarded her $74,620.00 in attorney's fees and costs. Id. The state court defendants then appealed to the Supreme Court of Appeals of West Virginia, where the case remains. Id.

Based on these facts, Butcher alleges that Clarksburg, Howe, Hilliard, and John Doe have "conspired to conceal the identity of [her] attacker both pre and post verdict in an attempt to avoid the City of Clarksburg or their insurer being found liable for the attack on [her] and the judgment rendered by the [Circuit] Court." Id. at 8-9. In support, Butcher alleges that the "Defendants conducted an adequate [sic] investigation prior to the jury trial . . . and refused to reopen the investigation post verdict in a

**BUTCHER V. CITY OF CLARKSBURG, ET AL.**                               **1:19V181**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

continued attempt to keep the identity of John Doe unknown to [Butcher] arguing to the [Supreme Court of Appeals] that the City of Clarksburg's insurer should not be responsible for paying the judgment since [she] cannot name her attacker." Id. at 9.

Butcher further alleges that Clarksburg, Howe, and Hilliard "failed to call in any outside investigations [sic] to investigate [her claims] both pre and post verdict," despite calling for outside investigations in other cases "from September[] 2013 to August[] 2019." Id. They also "failed to call in the WV State Police to investigate" her claims, despite utilizing the State Police to investigate other claims "from September[] 2013 to August[] 2019." Id.

As a result, Butcher alleges that the Defendants have violated her state and federal constitutional rights to due process by conspiring to conceal the identify of Joe Doe, causing her mental pain and suffering (past and future), humiliation, embarrassment, and degradation, and potential loss of her state court monetary judgment. Id. at 10-13. Butcher also seeks attorney's fees, costs, punitive damages, and additional training for the Defendants. Id. at 12-13.

**BUTCHER V. CITY OF CLARKSBURG, ET AL.**                    **1:19V181**

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]**
**AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

**B.   Procedural History**

Butcher filed this action in August 2019 in the Circuit Court of Harrison County, West Virginia (Dkt. No. 1-1). The Defendants timely removed it to this Court based on federal question and supplemental jurisdiction (Dkt. No. 1). After the represented Defendants moved to dismiss the Complaint (Dkt. No. 5), the Court held a scheduling conference during which it heard oral argument on the pending motion (Dkt. No. 14), which is now ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal on the grounds that a complaint does not "state a claim upon which relief can be granted." When reviewing the sufficiency of a complaint, a district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

**BUTCHER V. CITY OF CLARKSBURG, ET AL.**                              **1:19V181**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In order to be sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 n.7 (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

### III. DISCUSSION

The represented Defendants contend that Butcher's Complaint should be dismissed because (1) her claims are barred by the doctrine of res judicata; (2) her claims are time barred by the applicable statute of limitations; (3) her Complaint fails to state a claim upon which relief can be granted; (4) Howe and Hilliard are entitled to qualified immunity; and (5) John Doe is an improper

**BUTCHER V. CITY OF CLARKSBURG, ET AL.                    1:19V181**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

party (Dkt. Nos. 5, 6). Because Butcher's Complaint fails to state a claim, and because any such claim is time barred by the applicable statute of limitations, the Court need not consider the remaining contentions.

**A.   Butcher fails to state a claim upon which relief can be granted.**

Butcher's Complaint fails to state a claim upon which relief can be granted for three reasons.

**I.   Butcher fails to state a claim against Howe and Hilliard.**

Butcher's Complaint alleges that Howe "was at all times . . . the City Manager for the City of Clarksburg" and was "acting . . . within the scope of his employment" (Dkt. No. 1-1 at 6). She similarly alleges that Hilliard "was at all times . . . acting . . . within the scope of his employment as the acting Chief of the Clarksburg Police Department, an agency of Defendant City of Clarksburg." Id. During the scheduling conference, Butcher confirmed that she named Howe and Hilliard in their official capacities because they are, in effect, the City of Clarksburg.

As the Supreme Court of the United States has long recognized, "official-capacity suits '"generally represent only another way of pleading an action against an entity of which an officer is an

**BUTCHER V. CITY OF CLARKSBURG, ET AL.                    1:19V181**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

agent."'" Hafer v. Melo, 502 U.S. 21, 25 (1991) (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. N.Y.C. Dept. of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978))). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Graham, 473 U.S. at 166 (citation omitted). "Thus, duplicative claims against an individual in his official capacity when the government entity is also sued may be dismissed." Armstrong v. City of Greensboro, 190 F. Supp. 3d 450, 463 (M.D.N.C. 2016) (citations omitted); see also Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004) (affirming the dismissal of a claim against a superintendent in his official capacity because it was essentially a claim against the board of education and was, therefore, duplicative).

Here, Butcher has admittedly named Howe and Hilliard as defendants in their official capacities as the City Manager of Clarksburg and Chief of the Clarksburg Police Department, respectively. Because these claims are duplicative of her claims against Clarksburg, they must be dismissed. See Love-Lane, 355 F.3d at 783; Armstrong, 190 F. Supp. 3d at 463.

**BUTCHER V. CITY OF CLARKSBURG, ET AL.                          1:19V181**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

**ii. Butcher fails to state a claim against the City of Clarksburg.**

Butcher alleges that Clarksburg conspired to deprive her of her constitutional rights to due process in violation of the United States Constitution and the West Virginia Constitution (Dkt. No. 1-1 at 5-14). Her Complaint alleges only two "acts" to support her civil conspiracy claims. These include (1) Clarksburg's refusal to reopen an investigation into the identity of John Doe, and (2) its attempt to avoid liability by appealing the unfavorable state court judgment to the Supreme Court of Appeals. Id. at 8-9.

Under Monell, 436 U.S. at 690, municipalities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." See also Santos v. Frederick Cty. Bd. Of Com'rs, 725 F.3d 451, 470 (4th Cir. 2013) ("[A] municipality is subject to Section 1983 liability only when its policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the plaintiff's injury . . . ." (cleaned up) (emphasis

**BUTCHER V. CITY OF CLARKSBURG, ET AL.                    1:19V181**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

added)). "The requirement that the allegedly unconstitutional act stems from an established municipal policy or the actions of a final policymaker ensures that the municipality is 'responsible' for the alleged violations of a plaintiff's constitutional rights." Santos, 725 F.3d at 470 (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986)).

Here, Butcher has failed to allege that the allegedly unconstitutional actions of Howe and Hilliard implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City of Clarksburg (Dkt. No. 1-1 at 5-14). Indeed, in her response opposing the motion to dismiss, she concedes that she "could not identify a legal duty or written policy that mandated [that] [Clarksburg] conduct any further investigation" (Dkt. No. 12 at 2). Nor could she "cite any written policy or legal duty to call in outside investigators even though there was evidence . . . Clarksburg had done so before in response to other alleged incidents of police misconduct." Id. at 3. Because Butcher's Complaint has alleged no established municipal policy as the root of Clarksburg's allegedly unconstitutional actions, she fails to state a claim upon which relief can be granted under Monell.

**BUTCHER V. CITY OF CLARKSBURG, ET AL.                   1:19V181**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

**iii. Butcher fails to state a plausible claim for relief.**

These pleading deficiencies aside, Butcher's Complaint fails to state a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Here, Butcher alleges that the Defendants have conspired to violate her constitutional rights to due process by refusing to reopen an investigation to identify her attacker, John Doe, and by appealing an unfavorable judgment to the Supreme Court of Appeals. (Dkt. No. 1-1 at 5-14). Neither claim is plausible because the Defendants had a legal right to appeal the unfavorable state court judgment, W. Va. Code. § 58-5-1, and Butcher does not have a right, constitutional or otherwise, to have the Defendants reopen an investigation, see Jenkins v. Medford, 119 F.3d 1156, 1159-60 (4th Cir. 1997) ("Under 42 U.S.C. § 1983, a plaintiff must establish three elements to state a cause of action: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." (emphasis added)); cf. Smith v. McCarthy, 349 Fed. App'x 851, 859 (4th Cir. 2009) (stating that the plaintiff "had no right to a criminal

**BUTCHER V. CITY OF CLARKSBURG, ET AL.                1:19V181**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

investigation or criminal prosecution of another" and, therefore, "failed to allege the violation of a clearly established statutory or constitutional right").

Because the only alleged acts supporting her civil conspiracy claims are lawful, or do not otherwise deprive her of a clearly established statutory or constitutional right, Butcher's Complaint fails to state a plausible claim for relief. See Dixon v. Am. Indus. Leasing Co., 253 S.E.2d 150, 152 (W. Va. 1979) ("[A]ctionable civil conspiracy contemplates a concerted action by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by some unlawful means. Where is the unlawful purpose or the unlawful means in this case? We see none.").

**B.   Butcher's claims are time barred by the applicable statute of limitations.**

Even if Butcher stated a plausible claim for relief, any such claim is barred by the applicable statute of limitations.[2]

---

[2] Although a defense based on a statute of limitations is generally an affirmative defense, Fed. R. Civ. P. 8(c)(1), it may be raised in a motion to dismiss under Rule 12(b)(6) "if it clearly appears from the face of the complaint." Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993) (citations omitted).

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

Under West Virginia law, "the statute of limitation for a civil conspiracy claim is determined by the nature of the underlying conduct on which the claim of conspiracy is based . . . ." Dunn v. Rockwell, 689 S.E.2d 255, 269 (W. Va. 2009) (citations omitted). Because Butcher's civil conspiracy claims allege personal injury, the two-year statute of limitation set forth in W. Va. Code § 55-2-12 applies. W. Va. Code § 55-2-12 ("Every personal action for which no limitation is otherwise prescribed shall be brought: . . . (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries."); see also Dunn, 689 S.E.2d at 269 (concluding that the two-year statute of limitation in § 55-2-12 applied to civil conspiracy claim). Butcher's § 1983 claim is likewise governed by the two-year statute of limitation set forth in W. Va. Code § 55-2-12. McCausland v. Mason County Bd. of Educ., 649 F.2d 278 (4th Cir. 1981) (concluding that West Virginia's limitation on personal injury actions applies to the plaintiff's § 1983 claim).

Although state law governs the applicable statute of limitations, "federal law controls" when "[t]he applicable statute of limitations begins to run once a claim accrues . . . ." A Society Without a Name v. Virginia, 655 F.3d 342, 348 (4th Cir.

13

**BUTCHER V. CITY OF CLARKSBURG, ET AL.**  1:19V181

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

2011) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). "A civil rights claim accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Id. (quoting same).

"'[T]o establish a continuing violation[,] the plaintiff must establish that the unconstitutional or illegal act was a fixed and continuing practice.'" Id. (first alteration added) (quoting Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1166 (4th Cir. 1991)). "In other words, if the plaintiff can show that the illegal act did not occur just once, but rather 'in a series of separate acts[,] and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation.'" Id. (alteration in original) (quoting City of Raleigh, 947 F.2d at 1167). "But continual unlawful acts are distinguishable from the continuing ill effects of an original violation because the latter do not constitute a continuing violation." Id. (citing City of Raleigh, 947 F.2d at 1166).

As set forth above, Butcher's Complaint alleges only two acts to support her civil conspiracy claims: (1) the Defendants' refusal to reopen an investigation into the identity of John Doe; and

**BUTCHER V. CITY OF CLARKSBURG, ET AL.                1:19V181**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

(2) their attempt to avoid liability by appealing the unfavorable state court judgment to the Supreme Court of Appeals.

Assuming these claims are actionable—which they are not—both claims are time barred because they were not ongoing and demonstrate the continuing ill effects of the original violation, that is, the Defendants' decisions not to assist Butcher in identifying John Doe and not to refer Butcher's complaint for an external investigation.

Critically, Butcher has known about both decisions since at least 2015. Indeed, since 2015, she had known that the state court defendants had refused to refer her complaint for an external investigation and would assert their "John Doe defense." Nor does the decision not to reopen the investigation post verdict constitute a continuing violation because the Defendants merely refused to reopen an investigation they had completed in 2015. Jersey Heights Neighborhood Ass'n v. Glendening, 174 F.3d 180, 189 (4th Cir. 1999) (explaining that "every refusal" to take a particular action "does not revive the limitations period for the original [] decision."). And the decision to appeal the unfavorable state court judgment does not constitute a continuing violation because Butcher was long aware that the state court defendants

**BUTCHER V. CITY OF CLARKSBURG, ET AL.**  1:19V181

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

would attempt to avoid liability by asserting their "John Doe defense" at trial.

Butcher's reliance on McCausland, 649 F.2d 278 and Ocean Acres Ltd. v. Dare Cty. Bd. of Health, 707 F.2d 103, 106 (4th Cir. 1983) is misplaced (Dkt. No. 12 at 5). McCausland stands primarily for the proposition that § 1983 claims are subject to West Virginia's two-year statute of limitations for personal injury actions. 649 F.2d at 279. After recognizing this application of law, the Fourth Circuit concluded that the plaintiff's claims in McCausland were time barred because the defendants actions were not continuous. Id.

In Ocean Acres, the Fourth Circuit similarly concluded that the "continuing wrong" theory did not apply because the plaintiff "was aware of the actions taken by the county and of the impact of those actions on its proposed development." 707 F.2d at 107. As the court explained, "a 'continuing wrong' theory should not provide a means of relieving plaintiff from its duty of reasonable diligence in pursuing its claims." Id. Therefore, "the due process claims accrued when plaintiff knew of or had reason to know of the alleged injury which is the basis of its action." Id.

This case is on all fours with the holding in Ocean Acres. Butcher has long known, or should have known, that the represented

**BUTCHER V. CITY OF CLARKSBURG, ET AL.**                          1:19V181

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1-1]**

Defendants would not help her identify John Doe after the conclusion of their internal investigation in 2014 or 2015. Moreover, she has long known, or should have known, that they would assert their "John Doe defense." The Defendants' decisions to not reopen the investigation and to appeal the unfavorable state court judgment are not continuing violations merely because they evince the continuing effects of the original violations. As Butcher did not file the instant Complaint within two years of these claims accruing, they are time barred by the applicable statute of limitations. W. Va. Code § 55-2-12.

## IV. CONCLUSION

For the reasons discussed, the Court **GRANTS** the Defendants' motion to dismiss (Dkt. No. 5), **DISMISSES** the Complaint (Dkt. No. 1-1) **WITH PREJUDICE**, and **ORDERS** that this civil action be terminated from the active docket.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the Defendants and to transmit copies of both Orders to counsel of record.

DATED: November 13, 2019.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE